UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA G.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Case No. C20-1514-MLP<br><br>ORDER |

## I.　INTRODUCTION

Plaintiff seeks review of the denial of her application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating medical evidence, by discounting her testimony, by formulating a deficient RFC, and by making unsupported step four findings. (Dkt. # 15.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.　BACKGROUND

Plaintiff was born in 1958 and previously worked as a general merchandise salesperson. AR at 23, 179. Plaintiff applied for benefits on May 4, 2017, later amending the alleged onset date of her disability to April 28, 2016. *Id.* at 15. Plaintiff's application was denied initially and

ORDER - 1

on reconsideration. The ALJ held a hearing in November 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 29-48. In December 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 12-28. In relevant part, the ALJ found Plaintiff's severe impairments of lumbar (mild) and cervical (moderate to severe) degenerative disc disease, history of rotator cuff repairs, anxiety, and history of substance abuse limited her to light work subject to a series of further limitations. *Id.* at 18-19. Based on vocational expert testimony, the ALJ found Plaintiff could perform past relevant work as a general merchandise salesperson. *Id.* at 23. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 6.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Erred in Evaluating the Medical Evidence**

Plaintiff filed her disability claim in May 2017. The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the ALJ is required to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With

ORDER - 3

these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

### 1. Carl Epp, Ph.D.

Dr. Epp examined Plaintiff in April 2017, conducted a mental status examination, and diagnosed Plaintiff with chronic post-traumatic stress disorder and moderate major depression. AR at 412. Dr. Epp opined Plaintiff had marked limits understanding, remembering, and persisting in tasks by following detailed instructions and communicating and performing effectively in a work setting, and moderate limits understanding, remembering, and persisting in tasks by following very short and simple instructions, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, learning new tasks, adapting to changes in a routine work setting, completing a normal workday and workweek without interruptions from psychologically based symptoms, setting realistic goals, and planning independently. *Id.* at 413.

The ALJ first discounted Dr. Epp's opinion on the ground he "documented a much more significant mental status exam than other times in the record, making this evaluation inconsistent with the claimant's presentation at most other times[.]" AR at 22. The ALJ's finding is contrary to well-settled precedent that, in the mental health context, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); ("Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant

ORDER - 4

can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). The ALJ accordingly erred by discounting Dr. Epp's opinion on this ground.

The ALJ also discounted Dr. Epp's opinion as inconsistent with Plaintiff's lack of treatment history and medication noncompliance, finding: "[I]f her mental health was so significantly interfering with her functional abilities, one would expect the claimant to participate in treatment or resume her medications." AR at 22. The ALJ's finding is again contrary to Ninth Circuit precedent. *See Nguyen v. Chater*, 100 F.3d, 1462, 1465 (9th Cir. 1996) ("'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'") (quoting *Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th Cir. 1989)); *cf. Garrison*, 759 F.3d at 1018 n.24 ("[W]e do not punish the mentally ill for occasionally going off their medication when the record affords compelling reason to view such departures from prescribed treatment as part of claimants' underlying mental afflictions."). The record indicates Plaintiff discontinued taking Wellbutrin because it "caused suicidal ideation." AR at 414. The ALJ accordingly erred by discounting Dr. Epp's opinion on this ground.

### 2. Duane Hopp, M.D.

Dr. Hopp examined Plaintiff in January 2017, diagnosed "right should rotator cuff sprain," and opined Plaintiff has "a permanent partial [*i.e.*, 6%] impairment related to shoulder motion." AR at 301, 303. The ALJ indicated Dr. Hopp "is an expert in this medical area, making his opinion probative. Accordingly, the undersigned finds this opinion persuasive, as it demonstrates that while her shoulder issues caused some difficulty, she was not significantly limited." *Id.* at 22.

ORDER - 5

1        An ALJ generally may accept any medical opinion and need not even give reasons. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions"). Plaintiff argues the ALJ "mischaracterize[d]" Dr. Hopp's opinion, seemingly contending, without elaboration, there is a meaningful difference between "a permanent partial impairment" and "not significantly limited." (Dkt. # 15 at 13.) However, the ALJ's phrasing of "not significantly limited" reasonably reflects Dr. Hopp's opined partial, 6% impairment. The ALJ accordingly did not err in his treatment of Dr. Hopp's opinion.

         3.        Marshall Anderson, M.D.

Dr. Anderson examined Plaintiff in March 2017, and opined Plaintiff had moderate difficulties with lifting, carrying, pushing, pulling, and reaching because of shoulder and cervical spine issues and, accordingly, could perform light work. AR at 399-400. The ALJ found Dr. Anderson's opinion "persuasive, as Dr. Anderson attached range of motion testing and treatment records" that are "consistent with the overall record." *Id.* at 22.

Plaintiff argues, without elaboration, "[i]t would seem the ALJ found persuasive evidence then largely ignored the opined limitations. This was not harmless error." (Dkt. # 15 at 13.) Plaintiff bears the burden of showing the ALJ harmfully erred. *See Molina*, 674 F.3d at 111. Plaintiff's conclusory argument, made without elaboration, explanation, or citation to supportive evidence, is insufficient to establish the ALJ harmfully erred and is accordingly rejected. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. …We

ORDER - 6

1  require contentions to be accompanied by reasons."); *see generally Carmickle v. Comm'r of Soc.*

2  *Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued

3  with any specificity); *see also James M. v. Comm'r of Soc. Sec.*, 2020 WL 3605630, at *2 (W.D.

4  Wash. July 2, 2020) ("[I]t is not enough merely to present an argument in the skimpiest way (i.e.,

5  listing the evidence), and leave the Court to do counsel's work—framing the argument, and

6  putting flesh on its bones through a discussion of the applicable law and facts."). The ALJ

7  accordingly did not err in his treatment of Dr. Anderson's opinion.

8            *4.       Dennis Koukol, M.D. and Jan Lewis, Ph.D.*

9      Drs. Koukol and Lewis reviewed Plaintiff's medical records in December 2017 and April

10 2018, respectively. The ALJ indicated Dr. Koukol opined Plaintiff could perform light work,

11 occasionally crawl and climb ladders, ropes, or scaffolds, occasionally reach overhead with both

12 upper extremities, frequently crouch, kneel, stoop, and climb ramps or stairs, and should avoid

13 concentrated exposure to extreme cold, vibration, and hazards. AR at 23 (citing *id.* at 102-04).

14 The ALJ indicated Dr. Lewis opined Plaintiff would have occasional difficulties in maintaining

15 attention, concentration, pace, and persistence when symptomatic and would have occasional

16 issues with rapid change in the workplace, but still would be capable of simple and occasional

17 complex, detailed, and familiar tasks. *Id.* (citing *id.* at 100, 105). The ALJ found the doctors'

18 opinions "persuasive, as they are supported by specific rationale and consistent with the overall

19 medical record." *Id.* at 23.

20     While, as indicated above, the ALJ may accept these opinions and need not even give

21 reasons for doing so, Plaintiff correctly argues the ALJ rejected, without a reason, Dr. Lewis's

22 assessment of severe "Depressive, Bipolar and Related Disorders" and "Trauma- and Stressor-

23 Related Disorders." AR at 99. The error is harmful in light of the ALJ's rejection of Dr. Epp's

opinion, which, as discussed above, assessed mental impairment-related functional limitations that were not incorporated into the RFC. The ALJ accordingly erred in his treatment of Dr. Lewis's opinion.

### B. The ALJ Did Not Err by Discounting Plaintiff's Testimony

The ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged and made no finding she was malingering. AR at 20. The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff "described having anxiety and depression, with nervousness and heart palpitations when things were not going well. She reported that she would be having neck surgery again. The claimant testified that she has sleep issues, drops things, has tingling in her hands, arms, and legs, and spends most of her time alone caring for her cats." AR at 20. The ALJ discounted Plaintiff's testimony as inconsistent with "the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.*

Plaintiff contends, without elaboration, the ALJ's "reasons for discounting her symptom testimony did not meet the clear and convincing standard." (Dkt. # 15 at 15.) As noted above, conclusory arguments made without elaboration, explanation, or citation to supportive evidence are insufficient to establish the ALJ harmfully erred and are accordingly rejected.

### C. Step Two, RFC and Step Four

Because the ALJ misevaluated the medical evidence concerning Plaintiff's mental impairments, the ALJ will necessarily need to determine, on remand, whether to make new step two findings, whether the RFC needs to be adjusted, and whether to make new step four

findings. For this reason, the Court need not reach Plaintiff's assignments of error regarding step two, the RFC, and step four. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Dr. Epp and Dr. Lewis, reassess Plaintiff's mental impairments, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 23rd day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge